**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| In re:<br><br>　　HO WAN KWOK, *et al.*,<br><br>　　　　Debtors. | Chapter 11<br><br>Case No. 22-50073 (JAM)<br><br>(Jointly Administered) |
| LUC A. DESPINS, CHAPTER 11 TRUSTEE FOR THE ESTATE OF HO WAN KWOK,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DEFENG CAO,<br><br>　　　　Defendant. | Adv. P. No. 24-05001 (JAM)<br><br>Re: ECF No. 19 |

**<u>APPEARANCES</u>**

Shlomo Maza
Douglass Barron
Paul Hastings LLP
200 Park Avenue
New York, NY 10166

and

Nicholas A. Bassett (argued)
Paul Hastings LLP
2050 M Street NW
Washington, D.C. 20036

Douglas Skalka
Patrick R. Linsey
Neubert, Pepe & Montieth
195 Church Street, 13th Floor
New Haven, CT 06510

*Counsel for Movant Mr. Luc A. Despins, Chapter 11 Trustee for the Estate of Mr. Ho Wan Kwok, Plaintiff*

| | |
|---|---|
| Adam H. Friedman | Michael A. Carbone |
| Katherine E. Mateo (argued) | Parrett, Porto, Parese & Colwell, PC |
| Olshan Frome Wolosky LLP | 2319 Whitney Avenue, Suite 1-D |
| 1325 Avenue of the Americas | Hamden, CT 06518 |
| New York, NY 10019 | |

*Counsel for Respondent Mr. Defeng Cao, Defendant*

**MEMORANDUM OF DECISION GRANTING
MOTION FOR JUDGMENT ON THE PLEADINGS**

Julie A. Manning, United States Bankruptcy Judge

**I.    INTRODUCTION**

Before the Court is the Motion for Judgment on the Pleadings (the "Motion" or the "Motion for Judgment on the Pleadings") filed by the plaintiff, Mr. Luc A. Despins, in his capacity as the Chapter 11 trustee (the "Trustee") for the bankruptcy estate (the "Estate") of Mr. Ho Wan Kwok (the "Individual Debtor")[1], against the defendant, Mr. Defeng Cao ("Mr. Cao"). (ECF No. 19.)[2] The Motion seeks judgment on the pleadings with respect to the first and second claims (respectively, the "First Claim" and the "Second Claim") of the complaint (the "Complaint"), which includes a total of five claims. (ECF No. 1.) For the reasons set forth below, the Court **GRANTS** the Motion.

**II.   BACKGROUND**

On February 15, 2022, the Individual Debtor filed a voluntary Chapter 11 petition in this Court. (Main Case ECF No. 1.) The Individual Debtor's Chapter 11 case is jointly administered with the voluntary Chapter 11 cases of two affiliated corporate debtors. (Main Case ECF Nos. 970, 1141.) For the reasons set forth therein, on June 15, 2022, the Court entered a

---

[1] The Individual Debtor is also known as Guo Wengui, Kwok Ho Wan, Miles Guo, and Miles Kwok, among other names.
[2] References to the docket in this adversary proceeding will be styled "ECF No. __." References to the docket in the main case, *In re Kwok*, Case No. 22-50073 (JAM), will be styled "Main Case ECF No. __."

2

memorandum of decision and order appointing a Chapter 11 trustee. (Main Case ECF No. 465.) *In re Kwok*, 640 B.R. 514 (Bankr. D. Conn. 2022). On July 8, 2022, Mr. Despins was appointed as the Trustee. (Main Case ECF No. 523.)

On February 6, 2024, the Trustee filed the Complaint. (ECF No. 1.) The First Claim alleges the Individual Debtor is the beneficial owner of four motorcycles (collectively, the "Motorcycles")[3] legally owned by Mr. Cao. (Complaint ¶¶ 50–56.) On this basis, the First Claim seeks, pursuant to sections 541, 542, and 544 of title 11 of the United States Code (the "Bankruptcy Code"), declaratory judgment that the Motorcycles are property of the Estate and an order requiring the Motorcycles be turned over to the Estate via delivery to the Trustee. (*Id.*) The Second Claim, pled in the alternative to the First Claim, alleges the transfer of the Motorcycles from the Individual Debtor to Mr. Cao was an unauthorized post-petition transfer. (*Id.* at ¶¶ 57–62.) On this basis, pursuant to sections 549 and 550 of the Bankruptcy Code, the Second Claim seeks an order avoiding the transfer of the Motorcycles and requiring the surrender of the Motorcycles or their value to the Trustee. (*Id.*) On March 25, 2024, Mr. Cao filed his answer (the "Answer") to the Complaint. (ECF No. 16.)

On April 12, 2024, the Trustee filed the Motion for Judgment on the Pleadings. (ECF No. 19.) On May 3, 2024, Mr. Cao filed an objection to the Motion. (ECF No. 24.) On May 10, 2024, the Trustee filed a reply in support of the Motion. (ECF No. 25.) On May 14, 2024, a

---

[3] The Motorcycles are a 2021 Harley Davidson with a New Jersey license plate, number 5JKE7, and vehicle identification number 1HD1TBH1XMB957197; a 2021 Harley Davidson with a New Jersey license plate, number 5JKE8, and vehicle identification number 1HD1TEH1XMB956441; a 2021 Harley Davidson with a New Jersey license plate, number 5JKE9, and vehicle identification number 1HD1FBC10MB661233; and a 2022 BMW with a New Jersey license plate, number 5JKF1, and vehicle identification number WB10L4303N6F02046.

hearing was held on the Motion.  During the hearing, the parties made their respective arguments.  At the conclusion of the hearing, the Court took the Motion under advisement.

This matter is ripe for decision.

### III.    JURISDICTION

The United States District Court for the District of Connecticut has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b).  This Court has authority to hear and determine this matter pursuant to 28 U.S.C. § 157(a) and the Order of Reference of the District of Connecticut dated September 21, 1984.  The issues raised by the Motion for Judgment on the Pleadings are statutorily core.  28 U.S.C. §§ 157(b)(2)(A), (E).  The Court concludes that the Constitution does not preclude it from ruling on the Motion.  *Cf. Stern v. Marshall*, 564 U.S. 462, 487–99 (2011).

Venue in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

### IV.    JUDGMENT ON THE PLEADINGS STANDARD

"Judgment on the pleadings is appropriate if, from the pleadings, the moving party is entitled to judgment as a matter of law." *Burns Int'l Sec. Servs., Inc. v. Int'l Union*, 47 F.3d 14, 16 (2d Cir. 1995).  In ruling on a motion for judgment on the pleadings, "a court may consider undisputed allegations of fact on a Rule 12(c) motion under the same standard as Rule 12(b)(6), but it may not use a motion for judgment on the pleadings to weigh disputed factual allegations." *Lively v. Wafra Inv. Advisory Grp., Inc.*, 6 F.4th 293, 302 (2d Cir. 2021).  A court must draw all reasonable inferences in favor of the non-moving party – here, the defendant, *DiCarlo v. St. Mary Hosp.*, 530 F.3d 255, 262–63 (3d Cir. 2008), but a court will not credit conclusory denials and allegations that are "contradicted by more specific allegations or documentary evidence", *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 422 (2d Cir. 2011).  A court considers "the complaint, the answer, any written documents attached to them, and any matter of which the

court can take judicial notice for the factual background of the case" as well as "materials incorporated by reference" and materials "'integral' to the complaint". *Old Navy*, 647 F.3d at 422 (internal citations omitted).

V.    **UNDISPUTED ALLEGATIONS**

Based on the Complaint, the Answer, the exhibits attached to and documents referenced by the Complaint, and matters of which the Court may take judicial notice, the Court states, for the purposes of determining the Motion for Judgment on the Pleadings, the following undisputed allegations relating to the First and Second Claim:

### *The Chapter 11 Case*

1. On February 15, 2022, the Individual Debtor filed his voluntary Chapter 11 petition. (Complaint ¶ 60; Answer ¶ 60.)

2. The Trustee is the Chapter 11 trustee in the Individual Debtor's case, appointed pursuant to the Court's order entered on July 8, 2022. (Complaint ¶ 9; Answer ¶ 9.)

### *Mr. Cao and his Relationship with the Individual Debtor and his Family*

3. Mr. Cao is an individual with a principal place of residence in Union City, New Jersey. He also maintains a residence at 492 Broome Street, New York, New York. (Complaint ¶ 10; Answer ¶ 10.)

4. On October 20, 2023, the Trustee took the Fed. R. Bankr. P. 2004 deposition of Mr. Cao. (Complaint ¶ 11; Answer ¶ 11; *see* Cao Depo. Tr., Complaint Ex. 19.)

5. Mr. Cao is deeply intertwined with the Individual Debtor's affairs, both personally and through his purported employment. (Complaint ¶ 15; Answer ¶ 15.)

6. Mr. Cao is the boyfriend of the Individual Debtor's daughter, Ms. Mei Guo ("Ms. Guo"). He has lived with the Individual Debtor and his family. Mr. Cao vacations with the Individual Debtor's family. (Complaint ¶¶ 2, 16; Answer ¶¶ 2, 16.)

7. According to an affidavit Mr. Cao submitted in September 2017 in the New York Supreme Court, Mr. Cao was at that time employed by the Individual Debtor. (Complaint ¶ 17; Answer ¶ 17.)

8. Mr. Cao also asserts that he oversaw construction and renovation at the Mahwah Mansion and that he continues to draw a salary from Beijing Zenith Holdings Co. and/or Beijing Pangu Investment Co. (Complaint ¶ 18; Answer ¶ 18.)

9. Mr. Cao has also received money from Greenwich Land. (Complaint ¶ 19; Answer ¶ 19.)

*Ownership, Use, and Control of the Motorcycles*

10. The four Motorcycles are:

    a. a 2021 Harley Davidson with a New Jersey license plate number 5JKE7 and vehicle identification number 1HD1TBH1XMB957197;

    b. a 2021 Harley Davidson with a New Jersey license plate number 5JKE8 and vehicle identification number 1HD1TEH1XMB956441;

    c. a 2021 Harley Davidson with a New Jersey license plate number 5JKE9 and vehicle identification number 1HD1FBC10MB661233; and

    d. a 2022 BMW with a New Jersey license plate number 5JKF1 and vehicle identification number WB10L4303N6F02046.

(Complaint ¶ 20; Answer ¶ 20.)

11. On October 6, 2022, after the Individual Debtor filed his voluntary Chapter 11 petition on February 15, 2022, title to each of the four Motorcycles was issued to Mr. Cao. (Complaint ¶¶ 26, 60; Answer ¶¶ 26, 60.)

12. As of October 31, 2023, each of the Motorcycles are titled and registered in New Jersey to Mr. Cao. (Complaint ¶¶ 21, 25; Answer ¶¶ 21, 25.)

13. Mr. Cao did not select or purchase the Motorcycles. (Complaint ¶ 4; Answer ¶ 4.)

14. Mr. Cao testified he does not know who purchased the Motorcycles. (Complaint ¶ 26; *Compare* Answer ¶ 26 *with* Cao Depo. Tr. at *60:4–7.)

15. Mr. Cao testified a person named "Max" called him to inform him that there were "a few motorbikes that I need to put under your name" and a person named "Anthony" would give him "a document that [Anthony] would need [Mr. Cao] to sign". Mr. Cao testified he responded to Max "no problem". Mr. Cao did not ask for an explanation. (Complaint ¶ 27; *Compare* Answer ¶ 27 *with* Cao Depo. Tr. at *60:8–61:4, 62:11–19, 63:6–12, 66:10–15.)

16. Mr. Cao testified he had previously met Max at the Individual Debtor's office once or twice. (Complaint ¶ 28; *Compare* Answer ¶ 28 *with* Cao Depo. Tr. at *61:10–62:4.)

17. After Mr. Cao's phone call with Max, he met Anthony in front of Baruch College in New York, New York and signed the papers to have title to the Motorcycles placed in his name. (Complaint ¶ 29; *compare* Answer ¶ 29 *with* Cao Depo. Tr. at *99:19–101:8.)

18. The Motorcycles are currently parked at the Mahwah Mansion and previously were parked at the property commonly known as 373 Taconic Road, Greenwich Connecticut (the "Taconic Mansion"), at both of which the Individual Debtor has, at times, resided. (Complaint ¶ 3; Answer ¶ 3.)

19. Mr. Cao testified that he has never ridden the Motorcycles. He has never seen the Individual Debtor's wife, Ms. Hing Chi Ngok ("Ms. Ngok"), or Ms. Guo ride a motorcycle. (Complaint ¶¶ 30, 38; *compare* Answer ¶¶ 30, 38 *with* Cao Depo. Tr. at *59:3–5, 66:16–22, 172:16–24.)

20. Mr. Cao testified the Individual Debtor rides one of the Motorcycles at the Taconic Mansion in the YouTube video viewable at MilesGuoVEVO, *Miles Guo - Hcoin to the Moon (Official Video)*, YOUTUBE (Dec. 10, 2021), https://www.youtube.com/watch?v=foVjKjgyN4Q (last visited Aug. 12, 2024) (the "HCoin Music Video"). (Complaint ¶ 39; *compare* Answer ¶ 39 *with* Cao Depo. Tr. at *67:9–68:7.)

21. Mr. Cao testified that he does not recall the Motorcycles ever having been insured. (Complaint ¶ 30; *compare* Answer ¶ 30 *with* Cao Depo. Tr. at *58:14–59:1.)

22. Mr. Cao testified that he has no basis to claim ownership other than signing the title papers. (Complaint ¶ 31; *compare* Answer ¶ 31 *with* Cao Depo. Tr., at *104:20–106:10; *cf.* Cao Depo. Tr. at *58:14–59:1, 59:3–5; 71:9–22, 172:16–24.)

## VI. DISCUSSION

The Motion for Judgment on the Pleadings seeks relief with respect to both the First and Second Claims. As stated above, the First Claim alleges the Individual Debtor beneficially owns the Motorcycles and the Second Claim, pled in the alternative, alleges the Individual Debtor transferred the Motorcycles to Mr. Cao post-petition without authorization.

### A. First Claim – Beneficial Ownership
#### 1. Legal Standard

Regarding beneficial ownership, section 541(a)(1) of the Bankruptcy Code provides that a bankruptcy estate is comprised, in pertinent part, of "all legal or equitable interests of the debtor in property as of the commencement of the case". A debtor's legal and equitable interests in property are determined by applicable non-bankruptcy law. *Butner v. United States*, 440 U.S. 48, 55 (1979) (holding state law governs property rights) (case determined under the former Bankruptcy Act); *see Travelers Cas. & Sur. Co. of Am. v. Pac. Gas & Elec. Co.*, 549 U.S. 443, 450–51 (2007) (citing *Butner* and holding state law governed substance of claims relating to state

law property rights); *Cohen v. de la Cruz*, 523 U.S. 213, 221 (1998) (holding law under the former Bankruptcy Act remains vital under the Bankruptcy Code absent indication of contrary congressional intent). Section 542(a) of the Bankruptcy Code provides for turnover of property of a bankruptcy estate via delivery to its trustee.

The applicable non-bankruptcy law is determined by the choice of law rules of this Court's forum state, namely, Connecticut. *Geron ex rel. Thelen LLP v. Seyfarth Shaw LLP (In re Thelen LLP)*, 736 F.3d 213, 219 (2d Cir. 2013). The Court concludes that Connecticut courts would apply the Restatement (Second) of Conflict of Laws to issues of property law. *See Western Dermatology Consultants, P.C. v. VitalWorks, Inc.*, 153 A.3d 574, 584 (Conn. 2016) (applying the Restatement (Second) of Conflict of Laws to an action on contract); *Macomber v. Travelers Property & Casualty Corp.*, 894 A.2d 240, 256–57 (Conn. 2006) (applying the Restatement (Second) of Conflict of Laws to an action on tort). The Trustee asserts that New Jersey law applies. Mr. Cao does not dispute this conclusion. The Court agrees with the Trustee. New Jersey bears the most significant relation to the Motorcycles, which are registered in and presently located in New Jersey.

New Jersey law recognizes "that the true owner of an automobile may be one other than the holder of legal title." *Dobrolowski v. R.C. Chevrolet, Inc.*, 547 A.2d 735, 736 (N.J. Super. Ct. 1988); *see, e.g.*, *State v. One 2001 Cadillac Catera*, 2005 WL 3839839, at *3 (N.J. App. Div. Mar. 10, 2006) (affirming forfeiture of automobile beneficially owned by child of legal owners). Under New Jersey law, where a party "maintained *de facto* ownership and control over the properties" at issue and/or "provided the funds to purchase the properties" at issue, said party may beneficially own such properties, depending on the equities of the case. *In re NJ Affordable Homes Corp.*, Case No. 05-60442 (DHS), 2006 WL 2128624, at *8 (Bankr. D.N.J. 2006); *see*

9

*also LiButti v. United States*, 968 F. Supp. 71, 75 (N.D.N.Y. 1997) (applying federal common law), *aff'd in part, rev'd in part on other grounds*, 178 F.3d 114 (2d Cir. 1999); *Paloian ex rel. Dordevic v. Dordevic (In re Dordevic)*, 633 B.R. 553, 558 (Bankr. N.D. Ill. 2021) (applying federal common law in absence of articulated state law standard), *aff'd by* 67 F.4th 372 (7th Cir. 2023).

### 2. Conclusions of Law

The Trustee argues Mr. Cao admits or does not deny several allegations against him. Where Mr. Cao instead denies allegations, the Trustee argues such denials should be disregarded by the Court because they are controverted by more specific allegations, documentary evidence, and his own sworn testimony. The Trustee contends Mr. Cao has effectively admitted he did not purchase, use, possess, insure, or control the Motorcycles. Moreover, the Trustee asserts, Mr. Cao has admitted that persons involved with the Individual Debtor effected the transfer of the Motorcycles to Mr. Cao and the Individual Debtor is the only person who resided at the Taconic and Mahwah Mansions and has used the Motorcycles.

Mr. Cao argues the Trustee has failed to establish the Individual Debtor's ownership of the Motorcycles, instead focusing on Mr. Cao's alleged lack of true ownership. The Trustee's only allegation, Mr. Cao argues, supporting the Individual Debtor's ownership of the Motorcycles is that he rides one of them in the HCoin Music Video. This allegation, Mr. Cao contends, is insufficient to support judgment as a matter of law. Mr. Cao argues the Trustee's other allegations regarding, *e.g.*, Max and Anthony or the Mahwah and Taconic Mansions, are inconclusive and do not support judgment as a matter of law. Finally, Mr. Cao argues he has raised plausible affirmative defenses, which preclude the Trustee from obtaining the relief sought by the Motion.

The Court agrees with the Trustee. Taken together, the allegations Mr. Cao admits, fails to deny, and that are supported by his testimony despite his denial support the conclusion that Mr. Cao is merely the nominal owner of the Motorcycles and the Individual Debtor beneficially owns and controls the Motorcycles.

First, the undisputed allegations establish the Individual Debtor's control over the transfer of the Motorcycles to Mr. Cao. Mr. Cao, who admits he is "deeply intertwined" with the Individual Debtor's affairs, recognized the person who told him the Motorcycles would be transferred to him, Max, from the Individual Debtor's office (not Ms. Ngok's or Ms. Guo's office). (Undisputed Allegations 5–9, 15–17.) It is immaterial whether Max is Mr. Max Krasner, as the Trustee, on information and belief, alleges, or some other Max. It is material that Mr. Cao knew him from encounters at the Individual Debtor's office. (Undisputed Allegation 16.) Mr. Cao asked no questions of Max, but simply did what he asked – despite having only met him once or twice before. (Undisputed Allegations 15–17.) Mr. Cao did not ask Max why the Motorcycles were being placed under his name because of his close relationship to the Individual Debtor and his family, and his assumption the transfer was for their benefit. (Undisputed Allegations 5–9; Cao Depo. Tr. at *63:6–66:15.)

Second, despite the transfer of the Motorcycles to Mr. Cao, the undisputed allegations establish that his legal ownership of the Motorcycles is nominal. Mr. Cao did not select the Motorcycles for purchase or purchase them, and he does not know who did. (Undisputed Allegations 13–14.) Mr. Cao did not approach Max about purchasing or otherwise obtaining the Motorcycles, but rather was told they needed to be in his name. (Undisputed Allegations 15, 17.) Mr. Cao has never used the Motorcycles. (Undisputed Allegation 19.) Other than the Individual Debtor in the HCoin Music Video, Mr. Cao does not know who *has* used what are legally *his*

Motorcycles.  (Undisputed Allegations 19–20.)  Mr. Cao does not recall if he, or anyone else, has ever insured the Motorcycles or the status of such insurance.  (Undisputed Allegation 21.)  The Motorcycles are not located at Mr. Cao's addresses.  (Undisputed Allegations 3, 18.)  In sum, Mr. Cao has not exercised possession or control over the Motorcycles, has not used the Motorcycles, and did not purchase the Motorcycles.  Other than signing documents at the behest of Max and Anthony, Mr. Cao has exercised no property rights over the Motorcycles.  (*See* Undisputed Allegation 22.)

Third and finally, the undisputed allegations establish the Individual Debtor's exclusive use of the Motorcycles.  Contrary to Mr. Cao's assertion that one of the Motorcycles was merely used as a prop in the HCoin Music Video, it is undisputed that the Motorcycles have been parked long term at residences of the Individual Debtor and members of his family – the Taconic and Mahwah Mansions.  (Undisputed Allegation 18.)  Moreover, it is undisputed that Ms. Ngok and Ms. Guo, the other members of the Individual Debtor's family residing at the Taconic and Mahwah Mansions, do not ride motorcycles, but the Individual Debtor has ridden at least one of *the* Motorcycles.  (Undisputed Allegations 18–20.)  Mr. Cao may have also spent time at the Taconic and Mahwah Mansions as he asserts but, nevertheless, it is undisputed that he has never used the Motorcycles.  (Undisputed Allegation 19.)

As noted above, Mr. Cao argues that notwithstanding the foregoing, judgment on the pleadings is precluded by his assertion of defenses in his answer.  To preclude judgment on the pleadings, defenses must be "viable" on the record before the Court.  *Oneida Indian Nation v. Phillips*, 981 F.3d 157, 168–69 (2d Cir. 2020).  Here, the Answer asserts four defenses: (i) the Complaint "fails to state facts sufficient to constitute a cause of action upon which relief can be granted"; (ii) the Trustee's "claims are barred, in whole or in part, by the applicable statute of

limitations and/or administrative filing periods and/or by failure to satisfy the statutory and administrative prerequisites to the bringing of [the Trustee's] claims"; (iii) the Trustee's "claims are barred, in whole or in part, by the doctrine of estoppel"; and (iv) the Trustee's "claims are barred, in whole or in part, by the equitable doctrine of laches."

Mr. Cao's asserted defenses do not preclude granting the Motion for Judgment on the Pleadings. First, as to Mr. Cao's Rule 12(b)(6) defense, in the preceding discussion, the Court has concluded that the undisputed allegations are sufficient to constitute a claim and, absent a viable defense, entitle the Trustee to judgment as a matter of law.

Second, the affirmative defenses of laches and statute of limitations are not viable on the instant facts. The Trustee brought this adversary within two years of the filing of the Individual Debtor's petition – the relevant statute of limitations under sections 108(a) and 546(a) – and within eighteen months of the October 2022 transfer. Moreover, Mr. Cao has not relied on the October 2022 transfer: it is undisputed that Mr. Cao did not purchase the Motorcycles and has not used or possessed the Motorcycles during those eighteen months. (Undisputed Allegations 3, 13, 18–19.) Accordingly, Mr. Cao is not prejudiced by the Trustee bringing the Complaint as required to assert a defense of laches. *Gucci v. Sinatra ex rel. Gucci (In re Gucci)*, 197 F. App'x 58, 59–60 (2d Cir. 2006).

Third, the affirmative defense of estoppel is unarticulated and therefore not viable. In neither the Answer nor his response to the Motion does Mr. Cao illuminate what arguments he seeks to estop the Trustee from bringing or the basis for such estoppel. Conclusory defenses do not preclude judgment on the pleadings. *Shechter v. Comptroller of City of N.Y.*, 79 F.3d 265, at 270 (2d Cir. 1996). In any event, as stated regarding laches, the undisputed allegations demonstrate Mr. Cao has no reliance interest in the Motorcycles. *See ABKCO Music, Inc. v.*

*Sagan,* 50 F.4th 309, 321 (2d Cir. 2022) (equitable estoppel requires a showing of reliance). In sum, Mr. Cao's asserted defenses are not plausible. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *Wafra Inv. Advisory Grp.*, 6 F.4th at 302; *Old Navy, LLC*, 647 F.3d at 422.

Therefore, upon the undisputed allegations, the Court determines the Trustee is entitled to judgment as a matter of law that the Individual Debtor is the beneficial owner of the Motorcycles and, hence, the Motorcycles are property of the Estate that must be delivered to the Trustee. *See Wafra Inv. Advisory Grp.*, 6 F.4th at 302; *Old Navy, LLC*, 647 F.3d at 422; *Burns Int'l Sec. Servs.*, 47 F.3d at 16.

### B. Second Claim – Unauthorized Post-petition Transfer

As discussed above, the Trustee brings the Second Claim in the alternative to the First Claim. Nevertheless, despite having ruled in the Trustee's favor on the First Claim, the Court addresses the Second Claim.

#### 1. Legal Standard

Section 549 of the Bankruptcy Code provides that "the trustee may avoid the transfer of property of the estate . . . that occurs after the commencement of the case; and . . . that is not authorized under this title or by the court." *See Jones v. Brand Law Firm (In re Belmonte)*, 931 F.3d 147, 149 (2d Cir. 2019). The exceptions set forth in sections 549(b) and 549(c) categorically do not apply in this adversary proceeding because, respectively, the Individual Debtor's case is a voluntary Chapter 11 case and the Motorcycles are not real property, but rather personal property. Section 550(a) provides that a trustee may recover the transferred property or its value from the transferee of, among other things, an unauthorized post-petition transfer.

### 2. Conclusions of Law

The Trustee argues that the same undisputed allegations that establish the Individual Debtor's beneficial ownership of the Motorcycles demonstrate that the Individual Debtor beneficially owned the Motorcycles through the October 2022 transfer of title to Mr. Cao. Therefore, the Trustee asserts, even assuming – contrary to the allegations of the First Claim – the October 2022 transfer was more than nominal, he can avoid the October 2022 transfer because it occurred post-petition and was not authorized by the Court. In response, Mr. Cao argues the Trustee has failed to establish that the Individual Debtor was the owner of the Motorcycles prior to the transfer in October 2022.

The Court agrees with the Trustee. First, the undisputed allegations establish that the Motorcycles were in the possession of the Individual Debtor's family prior to the October 2022 transfer, but that Mr. Cao has no claim to legal or beneficial ownership of the Motorcycles prior to the October 2022 transfer. The HCoin Music Video, in which the Individual Debtor indisputably rides one of the Motorcycles, was posted to YouTube on December 10, 2021 – nearly a year before Mr. Cao became the legal owner of the Motorcycles. (Undisputed Allegation 20.) Yet, Mr. Cao did not purchase or select the Motorcycles and has never used the Motorcycles – let alone used them prior to October 2022 – and has no claim to ownership of the Motorcycles other than legal title beginning in October 2022. (Undisputed Allegations 13–14, 19, 22.)

Second, unclouded by any competing claim of ownership prior to the October 2022 transfer, the undisputed allegations establish that, for the reasons set forth in the discussion of the First Claim above, the Individual Debtor beneficially owned the Motorcycles prior to October 2022. The Individual Debtor controlled the transfer of the Motorcycles to Mr. Cao and is the

only resident of the Taconic and Mahwah Mansion who, prior to October 2022, used motorcycles and indeed rode one of the Motorcycles. (Undisputed Allegations 5–9, 15–20.)

Third, it is undisputed that the October 2022 transfer occurred after the Individual Debtor's voluntary Chapter 11 petition. The Individual Debtor filed for Chapter 11 bankruptcy on February 15, 2022. (Undisputed Allegation 1.) The Motorcycles were transferred to Mr. Cao on or around October 6, 2022. (Undisputed Allegation 11.)

Fourth and finally, the Court may take judicial notice of the record of these jointly administered Chapter 11 cases and related adversary proceedings to establish the fact that this Court has not authorized the transfer of the Motorcycles.

Mr. Cao's asserted defenses do not preclude judgment on the pleadings. As noted above, the Trustee brought this adversary proceeding within eighteen months of the October 2022 transfer. The relevant statute of limitations is two years after the date of the post-petition transfer to be avoided. 11 U.S.C. § 549(d). As to Mr. Cao's other defenses, the reasoning set forth above in the discussion of the First Claim applies with equal force when considering the Second Claim.

Therefore, were the Court to have concluded the Trustee was not entitled to judgment as a matter of law on the First Claim, the Court concludes the Trustee would be entitled to judgment as a matter of law on the Second Claim because the October 2022 transfer would be an unauthorized post-petition transfer of property of the Estate and the Trustee may recover the Motorcycles or the value thereof from Mr. Cao. *See Wafra Inv. Advisory Grp.*, 6 F.4th at 302; *Old Navy, LLC*, 647 F.3d at 422; *Burns Int'l Sec. Servs.*, 47 F.3d at 16.

## VII. CONCLUSION AND ORDER

Accordingly, for the reasons stated above, it is hereby.

**ORDERED:** The Motion for Judgment on the Pleadings (ECF No. 19) is **GRANTED** as set forth herein; and it is further

**ORDERED:** Pursuant to 11 U.S.C. §§ 541, 542, and 544, the Motorcycles are property of the Estate and, on or before September 23, 2024, Mr. Cao shall turn the Motorcycles over to the Estate via delivery of the same to the Trustee, including without limitation, by signing over legal ownership; and it is further

**ORDERED:** Pursuant to 11 U.S.C. §§ 541, 549 and 550, insofar as the Motorcycles were transferred to Mr. Cao on or about October 6, 2022, such transfer was an avoidable unauthorized post-petition transfer of property of the Estate and, on or before September 23, 2024, Mr. Cao as initial transferee shall turn the Motorcycles over to the Estate via delivery of the same to the Trustee, including without limitation, by signing over legal ownership, or turn the value of the Motorcycles over to the Estate via delivery of the same to the Trustee; and it is further

**ORDERED:** The Trustee is authorized to take all actions necessary or appropriate to effectuate this Order; and it is further

**ORDERED:** The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated at Bridgeport, Connecticut this 9th day of September, 2024.

*Julie A. Manning*
United States Bankruptcy Judge
District of Connecticut